UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD JAY BIANCHI,

Petitioner,

v.

KAREN BRUNSON,

Respondent.

Case No. C07-5329 FDB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:**
**March 28, 2008**

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner filed this action under 28 U.S.C. § 2254, challenging his 1998 conviction and sentence. (Dkt. # 1). Respondent filed an answer arguing that Mr. Bianchi's petition is untimely under 28 U.S.C. § 2244(d). (Dkt. # 19). Petitioner has filed a reply. (Dkt. # 22). After careful review of the parties' submissions, the state court record submitted by Respondent in support of her motion to dismiss (Dkt. # 20), and the balance of the record, the undersigned agrees that Mr. Bianchi's petition is untimely.

## I. STATEMENT OF THE CASE

Mr. Bianchi is in custody pursuant to his 1998 convictions, entered pursuant to a plea agreement, for the crimes of first degree robbery, second degree assault, attempted first degree murder, attempt to elude, possession of stolen property, and malicious explosion. (Dkt. # 20, Exhs. 1-3).

**A. State Court Procedural History**

The superior court entered the judgment and sentence on June 30, 1998. *Id*., Exh. 1. Having pled guilty and having received a standard range sentence, Mr. Bianchi did not file a direct appeal. The judgment therefore became final upon entry on June 30, 1998.

On June 29, 1999, Mr. Bianchi filed a motion in the superior court seeking to withdraw his guilty plea. *Id*., Exhs. 4-5. The superior court denied the motion to withdraw on July 20, 1999. *Id*., Exh. 6. Mr. Bianchi did not appeal from the denial of this motion. On July 2, 1999, Mr. Bianchi filed a personal restraint petition. *Id*., Exh. 7. The Washington Court of Appeals dismissed the petition as time barred under RCW 10.73.090. *Id*., Exh. 8.

Mr. Bianchi sought review by the Washington Supreme Court. *Id*., Exh. 9. The Commissioner of the Washington Supreme Court denied review, finding the petition was untimely under RCW 10.73.090. *Id*., Exh. 12, p. 1. Mr. Bianchi filed a motion to modify the Commissioner's ruling. *Id*., Exh. 13. That motion was denied. *Id*., Exh. 15. The Washington Court of Appeals issued a certificate of finality on May 19, 2000. *Id*., Exh. 16.

On July 24, 2000, Mr. Bianchi filed a second motion seeking to withdraw his guilty plea. *Id*., Exhs. 4, 17, 18. The superior court denied the motion on December 7, 2000. *Id*., Exh. 19. Mr. Bianchi appealed to the Washington Court of Appeals. On appeal, appointed counsel sought to withdraw because it was clear the motion had been untimely. *Id*., Exh. 20. The state opposed the motion to withdraw and moved to affirm the judgment. *Id*., Exh. 21. Mr. Bianchi filed a supplemental pro se brief. *Id*., Exh. 22. The Commissioner of the Washington Court of Appeals affirmed the superior court's order denying the motion to withdraw the guilty plea. *Id*., Exh. 23. The Washington Court of Appeals denied Mr. Bianchi's motion to modify the Commissioner's ruling on August 14, 2002. *Id*., Exh. 24 (motion to modify), Exh. 25 (order denying). Mr. Bianchi did not seek review in the Washington Supreme Court, and the Washington Court of Appeals issued

a mandate on October 1, 2002. *Id.*, Exh. 26.

In September 2005, Mr. Bianchi filed another personal restraint petition in the Washington Court of Appeals. *Id.*, Exh. 27. The Washington Court of Appeals determined the fifth claim raised in the petition was without merit, determined the judgment and sentence contained a clerical error, and ruled that the personal restraint petition was an untimely "mixed petition" because at least one claim did not satisfy the exceptions to the state time bar statute, RCW 10.73.090. *Id.*, Exh. 32. The Washington Court of Appeals directed the superior court to correct the clerical error in the judgment and sentence, but denied the personal restraint petition as a mixed and untimely petition. *Id.*

Mr. Bianchi then sought review by the Washington Supreme Court, presenting only one issue to the court:

> Petitioner asks this court for discretionary review of the unpublished opinion of Washington State Court of Appeals Division II, made on December 20, 2006. NO. 33836-0-II.
>
> Which ruled that his claim that the State Breached the plea agreement, lacked merit and rejected it.
>
> The petitioner now asks this Court to vacate his Judgment and Sentence. As it was based on a plea agreement that the state breached when they severed contact with his child.

*Id.*, Exh. 33, p. 2.

The Commissioner of the Washington Supreme Court denied review. *Id.*, Exh. 34. The Washington Supreme Court denied Mr. Bianchi's motion to modify the Commissioner's ruling on June 6, 2007. *Id.*, Exh. 35 (motion to modify); *Id.*, Exh. 36 (Order).

**B. Federal Court Proceedings**

On July 1, 2007, Petitioner signed his habeas corpus petition. (Dkt. # 1). Petitioner presents this Court with the following grounds for relief:

State Breached the understanding of plea agreement which violated 5th and 14th Amendment rights to Due Process.

(Dkt. # 1, p. 6).

## II. EXHAUSTION OF STATE REMEDIES

Because the Court finds that the petition was not filed within the one-year federal statute of limitations period under 28 U.S.C. § 2244(d), the Court need not determine whether Mr. Bianchi properly exhausted his available state remedies. 28 U.S.C. § 2254(b)(2).

## III. EVIDENTIARY HEARING

The decision to hold a hearing is committed to the court's discretion. *Williams v. Woodford*, 306 F.3d 665, 688 (9th Cir. 2002). The petitioner bears the burden of showing the need for a hearing. *Pulley v. Harris*, 692 F.2d 1189, 1197 (9th Cir. 1982), rev'd on other grounds, 465 U.S. 37 (1984); *Baja v. Ducharme*, 187 F.3d 1075 (9th.Cir. 1999). A hearing is not required if the claim presents a purely legal question, or if the claim may be resolved by reference to the state court record. *Campbell v. Wood*, 18 F.2d 662, 679 (9th Cir.) (en banc), cert. denied, 114 S. Ct. 2125 (1994).

The question of whether Mr. Bianchi filed his petition within the one-year federal statute of limitations is a purely legal one that may be resolved by reference to the record before this Court. Accordingly, an evidentiary hearing is not required.

## IV. DISCUSSION

### A. The Federal Statute Of Limitations, 28 U.S.C. § 2244(d)

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d). For petitioners whose state court judgments became final prior to April 24, 1996, the one-year time period began running on the date the statute was signed into law and expired on April 23, 1997. *Calderon v. United States Dist.*

*Court for the Cent. Dist. of Cal. (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 (1998). The statute of limitations is subject to equitable tolling, but such tolling "will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Id*. at 1288 (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)).

Where the challenged conviction became final after April 24, 1996, the statute generally begins to run from one of the following four dates:

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;
>
> ( C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Direct review ordinarily concludes either upon the expiration of the time for filing a petition for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). A petitioner seeking review of a judgment of a lower state court must file the petition for writ of certiorari "within 90 days after entry of the order denying discretionary review." Sup. Ct. Rule 13(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The statute of limitations tolls only during the time a properly filed post-conviction,

collateral challenge is pending in state court. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999). A state court petition rejected as untimely is not 'properly filed,' and is not entitled to statutory tolling under section 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005).

Mr. Bianchi had no right to an appeal in state court because he pled guilty and received a standard range sentence. RCW 9.94A.210(1); *State v. Wiley*, 613 P.2d 549, *review denied*, 94 Wn.2d 1014 (1980); *State v. Friederich-Tibbets*, 866 P.2d 1257 (1994). Because there was no right to direct review, the judgment and sentence became final upon entry on June 30, 1998. The statute of limitations thus began to run on June 30, 1998.

The statute of limitations ran for 363 days, from June 30, 1998 until Mr. Bianchi filed his first motion to withdraw the guilty plea on June 29, 1999. (Dkt. # 20, Exh. 4). That motion to withdraw tolled the statute of limitations while it remained pending in state court, from the date of filing on June 29, 1999 until the superior court denied the motion on July 20, 1999. *Id*., Exhs. 4, 6. *See* 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4 (2000); *Pace v. DiGuglielmo*, 125 S. Ct. 1807 (2005) (properly filed collateral challenge will toll the statute of limitations while the motion remains pending in state court). Once the court denied the motion, the statute of limitations (of which 363 days had already ran) continued to run again, and it expired two days later on July 22, 1999.

The Washington Court of Appeals and Washington Supreme Court held that Mr. Bianchi's first personal restraint petition, filed on July 2, 1999, was time barred under RCW 10.73.090. *Id*., Exhs. 8 and 12. The petition was, therefore, not "properly filed," and the petition did not toll the statute of limitations. *Pace*, 125 S. Ct. at 1812. The statute of limitations expired on July 22, 1999, two days after the superior court denied the first motion to withdraw the guilty plea.

Respondent argues that even if the first personal restraint petition had tolled the statute of limitations while it remained pending, the statute would have continued to run again in May 2000 when the Washington Supreme Court denied review (Dkt. # 20, Exh. 15) and then expired two days later, as 363 days had already run.

Further, even if the statute of limitations had tolled during the time Mr. Bianchi's two motions to withdraw his guilty plea remained pending in the state courts, the limitations period still expired during the years that passed between denial of the second motion in 2002 and the time Mr. Bianchi filed his second personal restraint petition in 2005. *Id*., Exhs. 26 and 27.

Either way, Respondent argues, the statute of limitations expired long before Mr. Bianchi filed his federal habeas petition in this Court in 2007.

Mr. Bianchi does not dispute Respondent's calculations, but argues that he could not have raised the issues presented in his federal petition within one year of his conviction because the State of Washington did not breach his plea agreement until November 2004, when the Washington Court of Appeals upheld termination of his parental rights and breached the understanding of what he was gaining in exchange for his guilty plea. (Dkt. # 22, p. 11). Mr. Bianchi argues that he filed his second personal restraint petition on September 7, 2005, some 308 days after contact with his child was severed. *Id*. He had 57 days to file his habeas petition in this Court after the Washington Supreme Court denied his motion for reconsideration on June 6, 2007. (Dkt. # 20, Exh. 36).

Mr. Bianchi argues that his second personal restraint petition filed on September 7, 2005 fell within the newly discovered evidence exception to Washington's one year statute of limitations and that the running of the statute of limitations for purposes of filing his habeas petition in this Court is governed by subsection D of 28 U.S.C. § 2244(d)(1). Thus, the statute of limitations would not have begun to run until the date on which he discovered the breach of the settlement agreement.

The Washington Court of Appeals rejected Mr. Bianchi's claim that his second personal restraint petition was not untimely because the State did not breach the plea agreement until March 5, 2004, when it terminated his parental rights:

> Petitioner's judgment became final on June 30, 1998, when the trial court filed it.[4] *See* RCW 10.73.090(3)(a). Petitioner filed the current petition on September 7, 2005, more than one year after his judgment became final. His petition is time-barred unless his judgment is facially invalid or *all* of his grounds fall within a time-bar exception.
>
> POST-JUDGMENT BREACH OF PLEA BARGAIN
>
> We first address Petitioner's Ground 5, in which Petitioner claims the State breached the plea agreement by terminating his parental rights. A claim that the prosecutor breached a plea agreement does not meet any exception to the one year time-bar and ordinarily must be filed within one year of judgment. *See* RCW 10.73.090, .00. But Petitioner claims the State did not breach the plea agreement until March 5, 2004,[5] when it terminated his parental rights. We need not decide whether a post-judgment breach tolls the time-bar, because we conclude Petitioner's claim lacks merit.
>
> The State did not promise to never terminate Petitioner's parental rights. Instead, it promised to release Petitioner's wife from jail, allow contact between Petitioner and his wife and dismiss related charges against Petitioner's wife. Appendix C of guilty plea; GPRP[6] 13-5. It did so, and Petitioner presents no evidence the State has re-filed charges, despite his own attempt to breach by collaterally challenging his conviction.[7] Petitioner told the superior court he was pleading guilty in order to get the State to dismiss the charges against his wife; he told the court that was his only reason for doing so. GPRP 20-2. Petitioner's current claim is based on remarks that the sentencing court made after announcing its sentence, in which it speculated about Petitioner's motivations for pleading guilty. SRP[8] 22. The court's remarks did not add terms to the plea agreement. Petitioner's Ground 5 lacks merit.
>
> ---
>
> [4]Although this court issued a mandate on October 1, 2002, disposing of an appeal related to Petitioner's convictions, that appeal was not "a timely direct appeal." RCW 10.73.090(3)(b). It was instead an appeal from a post-judgment collateral attack, Petitioner's attempt to withdraw his guilty pleas.
>
> [5]Petitioner is essentially arguing he can "toll" the running of the one year period because the breach did not occur during that period. If Petitioner is correct, he logically should be required to file his challenge within one year of the breach. He did not, providing another basis to deny relief.
>
> [6]Transcript of guilty plea hearing, May 21, 1998.
>
> [7] The State conditioned its dismissal of charges on Petitioner not successfully attacking his conviction and sentence.

(Dkt. # 20, Exh. 32, pp. 3-4).

In its Ruling Denying Review, the Washington Supreme Court, stated the following, regarding Mr. Bianchi's claim that the State breached the plea agreement:

> Mr. Bianchi now raises only his claim that the State breached the plea agreement. But he demonstrates no basis for this court's review. *See* RAP 13.4(b). The State did not agree to never seek termination of Mr. Bianchi's parental rights. The State agreed only that it would release Mr. Bianchi's wife (his codefendant) from jail pending sentencing, that it would rescind an order prohibiting Mr. Bianchi from having contact with his wife, and that it would dismiss all charged [sic] against his wife. Mr. Bianchi told the superior court when he entered his plea that this was the only reason he was pleading guilty. Mr. Bianchi bases his claim on speculation by the superior court during sentencing that one of the benefits of pleading guilty was that Mr. Bianchi would be able "to see and to continue to relate with his child." But nothing in the materials provided suggests that Mr. Bianchi pleaded guilty based on the State's agreement that his parental rights would never be terminated.
>
> The motion for discretionary review is denied.

(Dkt. # 20, Exh.34, pp. 1-2).

This Court's independent review of the state court record in this case confirms that there is nothing in the materials to suggest that Mr. Bianchi pleaded guilty based on an agreement by the State that his parental rights would never be terminated. As the state appellate courts noted, the record reflects that Mr. Bianchi told the court that the only reason he was pleading guilty was "under the assumption that the charges against [his] ... wife ... will be dropped ..." (Dkt. # 20, Exh. 3, p. 21).

Therefore, the undersigned rejects Petitioner's argument that he could not have discovered the factual predicate for his claim until the state severed his parental rights. As Petitioner offers no other reason for the delay in filing his federal habeas petition beyond the one year statute of limitations, his habeas petition is time-barred.

**B. Equitable Tolling**

Mr. Bianchi also argues that equitable tolling is available in this case because the state did not breach the understanding of the plea agreement until six years after he was sentenced. (Dkt. #

22, p. 14).

Equitable tolling under AEDPA is only appropriate where extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc). "External forces," not petitioner's "lack of diligence" must account for his failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (9th Cir. 2000).

As noted above, Mr. Bianchi's argument that the factual predicate for his claim was not discovered until 2004 is without merit. Neither does it demonstrate an extraordinary circumstance requiring application of equitable tolling principles.

Accordingly, Mr. Bianchi's federal habeas petition is barred and must be dismissed under 28 U.S.C. § 2244(d) .

**V. CONCLUSION**

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 28, 2008,** as noted in the caption.

Dated this 5th day of March, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 11