UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD JAY BIANCHI,

    Petitioner,

v.

KAREN BRUNSON,

    Respondent.

Case No. C07-5329 FDB

ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

    Petitioner has filed a motion for leave to proceed *in forma pauperis* on appeal of the above entitled petition for habeas corpus. The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, requires that prisoners who bring civil actions or appeals from civil actions must "pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Prisoners who are unable to pay the full amount of the filing fee at the time that their actions or appeals are filed are generally required to pay part of the fee and then to pay the remainder of the fee in installments. 28 U.S.C. § 1915(b). A court may authorize a petitioner to prosecute an action in federal court without prepayment of fees or security if the petitioner submits an affidavit showing he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). The affidavit must include a statement of all assets such prisoner possesses and that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a)(1). A prisoner seeking to bring a civil action or appeal a

ORDER - 1

judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.  28 U.S.C. § 1915(a)(2).

Petitioner Bianchi has not submitted a certified copy of any trust fund account for the six months proceeding the filing of the notice of appeal.  Petitioner's motion to proceed in *forma pauperis* on appeal is denied.

Petitioner's financial status, however does not end the Court's inquiry.  The PLRA also obligates the Court to review notice of appeals filed by all persons proceeding IFP and by those who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must *sua sponte* dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune.  See 28 U.S.C. §§ 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000); Resnick v. Hayes, 213 F.3d 443, 446 (9th Cir. 2000).  As indicated in the denial of Petitioner's application for certificate of appealability, Petitioner's assertion that he is entitled to "gap tolling" and/or relief from the federal habeas corpus statute of limitations contained in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. 2244(d), is unpersuasive.  The procedural bar is not debatable.  Accordingly, the appeal lacks an arguable basis in fact and/or law and thus the Court finds that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

ACCORDINGLY;

IT IS ORDERED:

ORDER - 2

1     Plaintiff's Application to Proceed *In Forma Pauperis* on Appeal [Dkt #28] is DENIED.

2     DATED this 30th day of April, 2008.

　

　

　

　　　　　　　　　　　　　　　　　　　FRANKLIN D. BURGESS
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

26    ORDER - 3